IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Infiniti Group International, Inc. )
an Illinois corporation,          )
                                  )
            Plaintiff,            )
                                  )
       v.                         )   No. 11 C 7735
                                  )
Elk Lighting, Inc.                )
a Pennsylvania corporation, d/b/a )
Sterling Industries, Inc.,        )
                                  )
            Defendant.            )

MEMORANDUM ORDER

Elk Lighting, Inc. ("Elk") has filed its Answer and Defenses ("ADs") to the intellectual property action brought against it by Infiniti Group International, Inc. ("Infiniti"). This sua sponte memorandum order is triggered by both (1) some problematic aspects of the Answer[1] and (2) the two ADs advanced by Elk.

To begin with the Answer, a number of its paragraphs (Answer ¶¶ 1, 2, 7-9, 11-13 and 15) follow a meticulous invocation of the disclaimer permitted by Fed.R.Civ.P. ("Rule") 8(b)(5) with the language "and therefore denies them." That is of course oxymoronic -- how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is

---

[1] At the risk of being charged with applying a double standard, this Court views errors of the type hereafter set out in the text as particularly disturbing when they are committed by a member of a major law firm.

stricken wherever it appears in the Answer.

Next, though this Court has made no effort to analyze the propriety of the host of flat-out denials contained in the Answer, a couple of them have figuratively jumped off the page and caught this reader's eye. Thus Answer ¶¶ 16 and 24 would appear to call for denial only of the "improperly" characterization contained in Infiniti's allegations, while going on to admit the allegations except for that term.[2] Even more directly problematic, this Court is mystified by the unequivocal denial set out in Answer ¶ 17.

Given those examples, this Court will leave it to Elk's counsel to take a fresh look at all of the denials in the Answer to make certain that they past muster under objective good faith standard prescribed by Rule 11(b). In the meantime, however, two more substantive issues call for current handling.

First, AD 1 (like Answer ¶ 4) asserts the absence of in personam jurisdiction over Elk. If Elk's counsel are serious in that contention, they should promptly bring the issue on by an appropriately supported motion so that the case can be dispatched at the outset if that is called for (failing such a prompt submission, this Court will treat that defense as having been waived -- no litigant can properly keep such an issue in reserve,

---

[2] Elk's total-denial usage seems to carry overtones somewhat similar to the form of common-law pleading that carried the label "negative pregnant."

to be brought to the forefront if the case is lost (or appears to be lost) on the merits.

What has just been said is equally true of AD 2, which echos Answer ¶¶ 5 and 6. Once again, Elk must "use it or lose it" -- it must bring the venue issue on forthwith or forgo it.

/s/ Milton I. Shadur
_____
Milton I. Shadur
Senior United States District Judge

Dated: January 3, 2012[3]

---

[3] This memorandum order was completed on December 27, but this Court's minute clerk will be away until January 3, 2012.